**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ira Schulman, | ) | No. CV 09-2360-PHX-MHM |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) ) | |
| West Jet Aircraft, LLC, an Arizona limited liability company; I Jet Management, LLC, a Florida limited liability company; John DePalma and Jane Doe Depalma, husband and wife; Vincent Maglio and Jane Doe Maglio, husband and wife; G. Robert Marcus and Jane Doe Marcus, husband and wife; Bob Woodberry and Jane Doe Woodberry, husband and wife; John Does 1-10; ABC Corporations 1-10 | ) ) ) ) ) ) ) ) | |
| Defendant. | | |

Currently before the court is Plaintiff's Motion to Remand (Dkt.#12) and Plaintiff's Motion to Supplement Motion to Remand (Dkt.#13). After having considered these motions, the Court issues the following Order.

**I. Procedural History**

Plaintiff initially moved to remand this case to state court based on a lack of subject matter jurisdiction. (Dkt.#12 at 2) Plaintiff explained that the action involved purely state law claims and argued that there was a lack of complete diversity between the parties. (Dkt.#12 at 4) Defendants responded by citing Ninth Circuit law that established that a limited liability company is a citizen only of those states where its members are citizens,

Johnson v. Columbian Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006), and by arguing that there was complete diversity between the parties. (Dkt.#16 at 2) Plaintiff's Reply conceded that "Defendants correctly point out that . . . [a]s a partnership, WJA's citizenship for diversity purposes depends upon the residence of its members." (Dkt. #18 at 1) Therefore, Plaintiff withdrew his arguments that the case should be remanded based on lack of diversity between the parties. (Dkt.#18 at 1)

However, shortly after Plaintiff filed his original motion to remand, Plaintiff moved to supplement his motion with an additional ground for remand: the failure of all defendants to join in a removal petition in accordance with the "unanimous joinder rule."[1] (Dkt.#13) Because Plaintiff conceded the alternative ground for remand, this is the only remaining basis for remand and is the subject of the present motion.

**II. Discussion**

"Removal statutes are to be strictly construed against removal jurisdiction," and any doubt should be resolved in favor of remanding a case to state court. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").

Under the "unanimity rule," all defendants must join in the Notice of Removal within 30 days of the service of the complaint. 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . ."; Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) (explaining that all defendants must timely join in a removal petition within the thirty-day window for removal). In the Ninth Circuit, each Defendant need not separately file written notice of consent to removal; however, at least one attorney of record must sign the notice and certify that the remaining Defendants consent to removal within the thirty days. Proctor

---

[1] Plaintiff's Motion to Supplement the Motion to Remand was timely filed within thirty days after Defendant IJet filed its notice of removal, and Defendants do not challenge the timeliness of the Motion to Supplement; accordingly, Plaintiff's Motion to Supplement the Motion to Remand is hereby granted. (Dkt.#13)

1 | at 1225.

Here, there is no dispute that all Defendants were served with the complaint between October 12, 2009 and November 9, 2009. (Dkt.#s 18, 13, 16) Thus, even construing the rule expansively, the 30-day window for all Defendants to consent to removal expired on December 9, 2009. Defendants' attempt to give notice of consent to the Court on December 17 in the Response is therefore untimely. Moreover, this "expansive" interpretation of the 30-day window appears to be overly generous. Other district courts have held that the 30-day window runs from the date the *first* defendant is served with notice. See, e.g., Transport Indem. Co v. Financial Trust Co., 339 F. Supp. 405, 407 (C.D. Cal. 1972); McAnally Enterprises, Inc. v. McAnally, 107 F. Supp. 2d 1223, 1228 (C.D. Cal. 2000). Because an individual defendant cannot consent to removal after the expiration of the 30-day window, logically, the deadline for the other defendants to join must expire 30 days after the first defendant is served. Teitelbaum v. Soloski, 843 F. Supp. 614, 615 (C.D. Cal. 1994) (explaining that "all defendants must join in the notice of removal" and that "[b]ecause all defendants must join, the 30-day period for removal commences to run from the date the first defendant receives a copy of the complaint"); McAnally, 107 F. Supp. 1227 n.7 ("Courts have held the unanimity rule precludes removal after thirty days from the date the initial defendant received the complaint . . . ."). While it does not appear that the Ninth Circuit has definitively ruled on this issue, here it makes no difference. Under either the expansive or the narrow interpretation of the thirty-day deadline, Defendants failed to timely join the Notice of Removal.

Defendants make two arguments in attempting to excuse their untimeliness. First, Defendants argue that it was not necessary for all individual defendants to join the notice of removal because they were members of the corporation that filed the notice of removal (I Jet) and cite to Phillips v. Manufacturers Trust Co., 101 F.2d 723 (9th Cir. 1939). However, Phillips is inapplicable because it dealt with individuals who had not been served with the complaint, and merely held that such individuals need not join the Notice of Removal. In reality, Phillips did not reach the argument that Defendants are trying to make here, that

1 individual members of a corporation need not separately join a Notice of Removal. There
2 is no dispute that the individual members were served with the Complaint; thus, Phillips is
3 inapplicable. Defendants cite no other case to support their novel theory. Moreover, even
4 if such a theory were the law, as Plaintiff points out, the individual Defendants are not being
5 sued solely as members of IJet or WJA, but in their individual capacities because they
6 participated in the alleged fraudulent transfer of WJA's Part 135 Certificate to IJet. It is their
7 own conduct that gives rise to a claim against them, not the fact that they had an ownership
8 interest in either company. (Dkt.#18) Finally, even if this theory were correct, the Notice of
9 Removal would still be defective because West Jet Aircraft is not a member of I Jet, and the
10 rule requires unanimous consent. I Jet was the only defendant in this case that timely filed
11 a Notice of Removal. (Dkt.#1)

Defendants' second argument is that West Jet need not join in the Notice of Removal because it was fraudulently joined. (Dkt.#16 at 6) While it is true that fraudulently joined entities need not join a Notice of Removal, see, e.g., United Computer Systems, Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002), it does not appear that West Jet was fraudulently joined here. Fraudulent joinder occurs when a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state. Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003). Defendants argue that any claims against West Jet will be barred by res judicata; however, the Court's review of the facts presented reveals that if such claims are barred by res judicata, the bar is anything but obvious. Defendants argue that in both actions, "Plaintiff asserts damages as a result of a refusal to honor a prepayment for flight services and prays for 'compensatory and consequential damages against all defendants,' which both actions allege to be $321,000 in such damages." (Dkt.#16) However, Plaintiff explains that "the transaction at issue is not the agreement to provide charter services between Schulman and WJA, but the transfer of the Part 135 Certificate between WJA and IJet." (Dkt.#18 at 4) Even assuming, without deciding, that West Jet was fraudulently joined, Defendants cannot escape the fact that the individual Defendants failed to timely join the Notice of Removal, and thus violated the "rule

- 4 -

of unanimity." Because of this, Plaintiff's Motion to Remand is hereby granted.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Plaintiff's Motion to Remand (Dkt.#12) and remanding this case to the Maricopa County Superior Court.

**IT IS FURTHER ORDERED** granting Plaintiff's Motion to Supplement Motion to Remand (Dkt.#13).

DATED this 8th day of March, 2010.

_____
Mary H. Murgia
United States District Judge